PARKER v. BUSBY et al.    (No. 6783.)

(Court of Civil Appeals of Texas.    Galveston.
Oct. 28, 1914.)

1. EVIDENCE (§ 271*) — AFFIDAVITS — DISCHARGE.

Where petitioners brought mandamus to compel a tax collector to issue poll tax receipts to them, and date them January 30, 1911, it appeared that petitioners had executed foreign powers of attorney appointing an agent to pay their poll tax and receive and transmit the receipts, and purporting to show that they were qualified voters, such instruments were not admissible in evidence to show that the persons executing them were in fact qualified voters and authorized to receive such receipts.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104; Dec. Dig. § 271.*]

2. TAXATION (§ 528½*) — POLL TAXES — RECEIPTS—ISSUANCE.

Rev. St. 1911, art. 2942, provides that poll taxes shall be paid at any time between October 1st and February 1st, following, and the person when he pays it shall be entitled to a poll tax receipt, though his other taxes are unpaid. Article 2944 declares that, if the taxpayer does not reside in a city of 10,000 inhabitants or more, his poll tax may be paid by some one duly authorized by him in writing to pay the same, and to furnish the collector with information necessary to fill out the blanks in the receipt. Held that, where a poll is tendered within the time specified, the collector has no discretion but to receive it and issue a receipt therefor, though he is in doubt as to the right of the payer to vote; and, when the tax is paid within the time specified, it is the duty of the collector to issue a receipt as of the date of payment, though on a subsequent date, notwithstanding Pen. Code 1911, art. 224, providing that the collector shall not issue a poll tax receipt after February 1st in any year "bearing a date" prior to February 1st; the only date to be shown in the form of the receipt prescribed by article 2949 being the date on which the tax is received.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 989; Dec. Dig. § 528½.*]

3. MANDAMUS (§ 118*) — POLL TAXES — PAYMENT—RECEIPTS—COMPELLING ISSUANCE.

Where poll taxes are tendered to the collector before the time for payment has expired, performance of the collector's duty to issue a tax receipt may be compelled by mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 250; Dec. Dig. § 118.*]

4. TAXATION (§ 528½*)—"POLL TAX"—PAYMENT — RECEIPTS — ISSUANCE — STATUTES —CONSTRUCTION.

Rev. St. 1911, art. 7567, provides that when a taxpayer applies to ascertain the amount of his taxes, and the collector finds that his name or his property does not appear on the tax rolls, he shall assess such taxpayer then and there and collect the taxes and enter the same on a supplemental tax roll to be made by him; that the collector shall receive, for assessing the state and county taxes, four cents for each $100 of property assessed, and, for assessing the poll taxes, five cents for each poll. Held, that the assessment required by such article referred to the assessment of property only, and not to the assessment of "poll taxes" which are taxes assessed on the person—a capitation tax—which by article 7354 is levied on all male persons between 21 and 60 years, with certain exceptions; but, even if the assessment of a poll tax was necessary to sustain its collection, such assessment was not required to enable the taxpayer to compel the collector to accept the amount levied by law on him as a poll tax and to issue a receipt therefor.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 989; Dec. Dig. § 528½.*

For other definitions, see Words and Phrases, First and Second Series, Poll Tax.]

Appeal from District Court, Hardin County; L. B. Hightower, Judge.

Mandamus by W. M. Busby and others against W. S. Parker. Judgment in favor of plaintiffs, and defendant appeals. Affirmed in part and reversed and remanded in part.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Singleton & Nall, of Kountze, for appellant. Geo. G. Clough, of Galveston, Coe & Coe, of Kountze, and W. D. Gordon, of Beaumont, for appellees.

McMEANS, J. W. M. Busby, A. Wagner, and more than 200 other persons brought this suit in the district court of Hardin county on the 13th day of March, 1914, against W. S. Parker, tax collector of said county, seeking to compel him, by mandamus, to issue to each of the plaintiffs a poll tax receipt and to date the same on the 30th day of January, 1914. The case was tried before the court on April 7, 1914, and upon the conclusion of the evidence a judgment was rendered for plaintiffs, awarding a peremptory mandamus commanding the defendant to forthwith issue to each of the plaintiffs a poll tax receipt in due form of law as of date January 31, 1914. From this judgment the defendant has appealed.

From the record we make the following findings of fact:

The plaintiffs did not reside in a city of 10,000 inhabitants or over, and, if they were qualified voters of Hardin county, were entitled to pay their poll taxes to the tax collector through an agent duly authorized in writing, as provided by article 2944, Revised Statutes 1911. On dates running from the 27th to the 31st day of January, 1914, each of the plaintiffs gave to his agent written authority to pay his poll tax for him, at the same time giving to the agent $1.75 with which to pay the tax; the written authority given by W. Smith to W. J. Hart being in the following language:

"The State of Texas, County of Hardin.

"To the Tax Collector of Hardin County: You are hereby authorized to receive payment of my poll tax for the year 1913 from W. J. Hart, and to transmit the receipt to me as provided by law. I solemnly swear that I am 53 years old; that I reside in voting precinct No. 5 of Hardin county; my race is colored; I have resided in Texas 53 years, in Hardin county 30 years; my occupation is laborer; that my post office address is Dearborn. And the said W. J. Hart is hereby authorized to pay said tax for me, and to furnish to you the information necessary to fill out the blanks in the poll tax receipt."

This was signed by W. Smith and duly sworn to by him. All the other plaintiffs gave written authority for the payment of their poll taxes by an agent in similar form to that above set out except four, particular mention of whom will be hereinafter made. On January 28, 1914, Jno. McInnis holding written authority from 78 of the plaintiffs and R. L. Martin holding such authority from 21 more, and F. M. Smith holding such authority from 11, appeared before the tax collector at his office in the town of Kountze and presented to him the said written authority of said plaintiffs and tendered and delivered to him the sum of $1.75 in payment of the poll tax of each of the persons several-

ly presented by them, whereupon the tax collector, although receiving the money thus tendered, failed to issue poll tax receipts to the plaintiffs so represented, but instead thereof gave to said agents a certificate in the following language:

"I, W. S. Parker, tax collector of Hardin county, Texas, acknowledge that the above parties made written application for poll tax receipts through agents duly authorized, accompanied by renditions sworn to before J. E. Crawford and N. O. Cravens, notary publics Hardin county, and also tender of $1.75 for each, which I hold on deposit subject to legal investigation."

J. J. Ogg, representing 47 of the other plaintiffs and acting under like written authority from them, in like manner on the same day made tender of the amount due by each for poll tax, and delivered to the tax collector such written authority, together with the sum of $1.75 for each, and was given a receipt in the following language:

"Received of J. J. Ogg the sum of $71.75 to cover poll tax receipts applied for No. of men in lists."

All the other plaintiffs, except R. H. Parr, J. N. Hendricks, J. P. Denny, and C. M. Baker, made application through agents' duly authorized in writing to the tax collector at his office for their poll tax receipts, and such agents delivered to the tax collector their written authority and made tender of $1.75 for each of the persons represented by them, and the collector thereupon issued certificates to the agents reciting such facts.

The four plaintiffs named above made applications to the collector for their poll tax receipts by mail, each accompanying his application with the amount of money necessary to pay the same.

No proof was made on the trial that the plaintiffs were qualified voters of Hardin county at the time they severally offered to pay their poll taxes other than by the statement contained in the written authority given by each to his agent to pay the taxes, and except as to the plaintiff Wagner, and as to him it was agreed that at said time he was a qualified voter of said county and had resided therein for several years.

[1] Appellant by his fourth assignment of error complains of the action of the court in admitting in evidence the various instruments executed by plaintiffs authorizing their agents to pay poll taxes for them, and by his first proposition thereunder asserts that:

"It being a material issue in the case whether or not appellees were bona fide residents of Hardin county on January 31, 1913, the so-called powers of attorney being ex parte, and made long before the filing of this suit, were not admissible over the objection of appellant to prove that issue."

We are of the opinion that the assignment must be sustained. It was a material inquiry on the trial whether the plaintiffs who sought to compel the tax collector to issue poll tax

receipts to them were qualified voters of the county at the time they offered to pay their poll taxes, and the burden of establishing that fact rested upon the plaintiffs. It is elementary that a mere sworn statement made out of court is not admissible to prove at the trial the facts stated in it. This rule is largely based upon the fact that at the time such statement was made the opposite party had no opportunity for cross-examination. Wigmore on Evidence, §§ 1384, 1708. The action of the court in admitting the affidavits as evidence of the citizenship of plaintiffs and their qualification as voters of Hardin county, over the objection of appellant above stated, constitutes reversible error as to all of the plaintiffs except A. Wagner, who it was admitted on the trial was a citizen and qualified voter of Hardin county at the time he offered to pay his poll tax.

Appellant by his first assignment of error complains of the action of the court in overruling his general demurrer to plaintiffs' petition, and by his second assignment complains of the refusal of the court to sustain his second special exception. Under these assignments, which sufficiently raise the points presented in his propositions, he urges:

"(1) That mandamus does not lie to force an officer to do an act which is not his clear duty to do independent of the writ, or to do an act prohibited by law.

"(2) The law having fixed a time in which poll tax receipts can be lawfully issued, and not having provided a remedy in cases where parties have denied such receipts applied for at the proper time, mandamus does not lie to compel the issuance of the same after the expiration of the time fixed by law.

"(3) The law requires that all poll tax receipts for the year 1913 be issued prior to February 1, 1914, and makes it unlawful to issue such receipts after that time, and the courts cannot command appellant to disobey the law."

[2] It will be seen that it is appellant's contention that even though a poll tax receipt is demanded of the tax collector by a qualified voter of a county at a proper time, and the amount to pay same is tendered or delivered to the tax collector at the time of the demand, and the collector fails or refuses to issue the receipt therefor before the 1st day of February, his power to thereafter issue receipts is taken from him by law, and he cannot be compelled by the courts to thereafter issue the same.

Article 2942, Revised Statutes 1911, provides that the poll tax shall be paid at any time between the 1st day of October and the 1st day of February following, and the person, when he pays it, shall be entitled to his poll tax receipt, even if his other taxes are unpaid.

Article 2944 provides that:

"If the taxpayer does not reside in a city of ten thousand inhabitants or more, his poll tax must either be paid by him in person or by some one duly authorized by him in writing to pay the same, and to furnish the collector the information necessary to fill out the blanks in the poll tax receipt."

Vernon's Sayles' Ann. Civ. St. 1914, art. 2945a, provides:

"When in cases permitted by this title, the tax is paid by an agent, the tax receipt shall not be delivered to such agent, but shall be sent by mail to the taxpayer or kept and delivered to him in person."

From these provisions it will be seen that the taxpayer, when he tenders through his agent duly authorized in writing to the tax collector an amount sufficient to pay the tax, is then entitled to a receipt, and has done all that the law requires of him in order to obtain it. The collector does not seem to have authority to exercise any discretion in the matter, but is bound to receive the amount tendered and issue a receipt therefor, although if he is in doubt as to the right of the payer to vote in the county it is his duty to make due examination of the payer or his agent in that regard, and to this end has the authority to exact of the payer or the agent an affidavit showing the citizenship, etc., in the county where the tax is paid; this being done, he must issue the receipt for the tax, and report the matter to the grand jury. Article 4959.

Article 2949 provides that the poll tax receipt shall show, and article 2950 prescribes the form of the receipt in substantially the following language:

"State of Texas, County of ———.

"Received of ——— on the ——— day of ———, A. D. 19—, the sum of ——— dollars, in payment of poll tax for the year A. D. 19—. The said taxpayer being duly sworn by me, says that he is—" (Here follows the necessary information to show that he is of lawful age and the length of his residence in the county and state, etc.) and concludes thus: To all of which I certify,

               "[Signed] ———,

"Tax Collector ——— County, Texas."

[3] From the above it will be seen that the date of the issuance of the receipt is not required to be stated in the receipt, but only the date upon which the amount of tax was paid to him; therefore, where the money is paid or tender is made before the 1st day of February, it would not seem unlawful for the collector, and it would appear to be his duty in such case, to issue the receipt even at a day later, stating truly therein the date upon which the money was paid or tendered to him. It follows, then, that if the plaintiffs paid or tendered payment of their taxes before February 1st it was the collector's duty to issue receipts therefor, and this duty continued after that date, and, this being true, it was within the power of the court to compel him by mandamus to perform this duty. We do not think that article 224 of the Penal Code (1911), properly construed, compels a contrary conclusion to that above stated. That article makes it unlawful for a tax collector to issue a poll tax receipt after the 1st day of February in any year, bearing a date prior to the 1st day of February. The only date to be shown in the form of receipts prescribed by law is the date upon which the poll taxes were receiv-

ed, as has hereinbefore been shown, and a receipt, following that form, for poll taxes paid prior to the 1st day of February, would only show the date upon which the tax was paid, and would not and could not show a date subsequent thereto; and therefore the issuance of such a receipt after that date for taxes paid prior thereto would not violate the letter of the law. It seems to us clearly to be the spirit of the law to prevent the collector receiving payment of poll taxes and issuing receipts therefor after February 1st, and not to prohibit the issuance of receipts for such taxes paid or tendered prior to that date.

The sixth assignment complains that the judgment is contrary to the law and the evidence in this: The name of neither of the plaintiffs appears on the tax rolls of Hardin county for the year 1913, and, such being the case, before defendant, as tax collector, would be authorized to issue to them poll tax receipts for said year, it was necessary for each of them to render his poll and property taxes to defendant in order that he might place the same upon a supplemental tax roll, which the uncontradicted evidence shows that each of the plaintiffs failed to do. Defendant's contention under this assignment is that the law requires the tax collector to assess any person who may apply to him to pay his tax if such person had not been previously assessed by the tax assessor, and that the tax collector cannot be forced to issue a poll tax receipt until the person applying therefor has been legally assessed.

It was undisputed that at the time the plaintiffs, through their agents, tendered and paid to the tax collector the amount of poll taxes, none of them had been assessed by the tax assessor of Hardin county, and that the name of none of them appeared on the tax rolls.

[4] Article 7567, Revised Statutes, cited and relied upon by appellant in support of his contention, reads thus:

"Collectors of taxes of counties, cities and towns, when any taxpayer applies to them for the purpose of ascertaining the amount of his taxes, and the collector finds that his name or his property does not appear on the tax roll, shall, and it is hereby made their duty to, assess said taxpayer then and there, and collect the taxes and enter the same upon a supplemental tax roll to be made by him. * * * The oath shall be the same as is administered by tax assessors under existing law. The collector of taxes shall receive the following compensation for his services on all assessments made by him under this act, to wit: For assessing the state and county taxes, four cents for each one hundred dollars of property so assessed, and for assessing the poll tax, five cents for each poll; which fee shall be paid in the same way as the tax assessor's fee in article 5133."

It is manifest, we think, that the assessment by the collector as provided in this article has reference to the assessment of property only, and not to the assessment of poll taxes. The only reference to poll taxes is at the conclusion of the article, where it is provided what compensation the collector shall receive for assessing taxes, stating in that connection that he shall be allowed five cents for each poll tax assessed. But even if the assessment of a poll tax is necessary in order to enforcement of the collection of it, we do not think that such an assessment is necessary in order for a taxpayer to force the collector to accept the amount levied by law upon him as a poll tax and to issue to him a receipt therefor. The words "poll tax" mean a tax upon the person—a capitation tax—and in this state such tax is levied by law upon all male persons between 21 and 60 years of age, with certain exceptions not necessary to be here stated. Revised Statutes, art. 7354. If it is necessary to assess poll taxes, then the law made it the duty of the collector in this instance to make the assessment when the collector ascertained that the names of the plaintiffs did not appear on the tax roll, and he cannot charge upon the poll tax payer the consequences of his neglect or failure to do so.

To what we have said we think it is only necessary to add that the law does not provide for the payment by a taxpayer of his poll taxes through the mails, and that the plaintiffs R. H. Parr, J. N. Hendricks, J. P. Dennis, and C. M. Baker, who sought to make payment and obtain their poll tax receipts in this way, have no right to compel the collector to issue receipts to them, and if the evidence as to them on another trial is the same they should not be allowed to recover. As the plaintiff A. Wagner was admitted to be a qualified voter in Hardin county, the judgment of the court below is affirmed as to him, but for the error indicated the judgment in favor of the other plaintiffs is reversed and the cause remanded.

Affirmed in part. Reversed and remanded in part.