

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 21, 1959

Honorable Thomas D. Blackwell
County Attorney
Travis County
Austin, Texas

Opinion No. WW-692

Re: Questions relating to payment
by the State to court reporters
for statements of fact in civil
suits.

Dear Mr. Blackwell:

We have your letter of July 13, 1959, and your supplemental
letter of August 5, 1959, in which you request our opinion on three questions
relating to the payment by the State to court reporters for statements of
fact in civil suits.

Your first question is as follows:

"1. Under Art. 2324, V.C.S., what form of certi-
fication is necessary for a court reporter to get a
statement of charges for the preparation of a transcript
of the evidence in a civil suit paid by warrant issued
by the Comptroller of Public Accounts?"

Article 2324, Vernon's Civil Statutes, prescribing the compen-
sation of court reporters for the preparation of transcripts of evidence
reads in part as follows:

". . .

"When any party to any suit reported by any such
reporter shall desire a transcript of the evidence in said
suit, said party may apply for same and the reporter shall
make up such transcript and shall receive as compensation
therefor the sum of <u>not more than</u> thirty cents per one
hundred words for the original thereof. In the event said
transcript should be ordered and made in narrative form,

> then such reporter shall make up same in duplicate
> in narrative form, and shall receive as compensation
> therefor the sum of twenty cents per hundred words for
> the original; provided, however, that no charge shall
> be made for the duplicate copy, and provided further,
> that in case any reporter charges more than the fees
> herein allowed he shall be liable to the person paying
> the same a sum equal to four times the excess so paid."
> (Emphasis ours.)

We believe that the foregoing provision specifically authorizes the following:

> 1. When a transcript is ordered and prepared in
> narrative form, the reporter is required to prepare
> same in duplicate and is prohibited from making an
> additional charge for the duplicate. The authorized
> charge for both the original and the duplicate is
> "the sum of twenty cents per hundred words" in the
> original.

> 2. There is no requirement that the reporter
> prepare a duplicate if the transcript is ordered and
> prepared other than in narrative form. If the re-
> porter is requested to make copies, there is no pro-
> hibition against his charging for those so made.
> There is no provision as to how much he may charge for
> copies.

> 3. If the transcript is prepared in other than
> narrative form, the authorized charge is "not more
> than thirty cents per one hundred words for the original
> thereof". Here the charge is not prescribed in absolute
> terms but is presented as a maximum.

The reporter must take precautions to insure that his claims for payment are accurate and in compliance with the statute. The Comptroller may prescribe the forms to be used in presenting the claims and may require such information as may be necessary for him to audit and process the claim, as provided by Senate Bill 308, Acts 56th Legislature, Regular Session, 1959. Should the Comptroller purport to require a reporter to certify to matters other than as required by Article 2324, Vernon's Civil Statutes, he would be imposing an additional burden on the reporters and the agency or department requesting the transcript. We find no authorization for the Comptroller to alter or vary the statutory requirements, nor to prescribe requirements in excess of those provided by statute.

Therefore, when such a transcript is ordered and prepared in other than narrative form, the reporter preparing same complies with the statute if he certifies that the transcript is in "other than narrative form" and certifies that the amount charged is "not over the rate of thirty cents per one hundred words for the original thereof." We find no statutory authority for the Comptroller to require the actual word count of the transcript on the statement of charges or to require that the reporter affirmatively certify the transcript is in "question and answer" form. If the transcript is ordered and prepared in narrative form, the reporter must certify that the charges he makes are "twenty cents per one hundred words for the original thereof."

When the court reporter submits his bill in compliance with the foregoing, it is the duty of the agency or department requesting the transcript to check accuracy as to charges made. It is within the sole discretion of that agency or department to determine whether such transcript is necessary to properly carry out their assigned duties. It is the function of the Comptroller to audit the claim from a "bookkeeping" standpoint. This is not to be construed so as to authorize the Comptroller to determine the wisdom, necessity or propriety of the expenditure nor to go behind the certification and approval of the agency or department purchasing the transcript. See Attorney General's Opinion V-1111 (1950). Assuming the absence of proof of an erroneous certification and further assuming moneys are available for its payment, it is the ministerial duty of the Comptroller to issue the warrant, and the Comptroller is not authorized to require the court reporter or anyone else to certify to a word count of the transcript.

In the event excess charges are made and paid, the State is fully protected by the provisions of Article 2324 wherein it authorizes the collection from the reporter of four times the excess so paid. Furthermore, if indicated, the Comptroller can refer the matter to the Grand Jury. See Parker v. Bushey, 170 S.W. 1042 at 1044 (Civ.App. 1914).

Your second question is as follows:

"2. Is a court reporter authorized to include the cost of binding, indexing, photostating of documents, postage, and the preparation for filing in appellate courts of original exhibits in the statement of charges for the preparation of a transcript of evidence?"

There is no statutory authority for court reporters to make separate charges for the items mentioned in your question; however, the Rules of Civil Procedure dictate the form in which such transcripts are to be made and what they are to contain. (Rules Civ. Proc., Rule 371 and Rule 391).

It should be pointed out, however, that the reporter is authorized to base his charge on all the words in the original of the transcript (both narrative and other than narrative) which would include the caption, index, testimony proper and documents made a part of the transcript.

Your third question is as follows:

"3. Does a State agency or department have authority to purchase a carbon copy of a transcript of the evidence in any case?"

In answering this question, we shall assume you are inquiring about a carbon copy other than the duplicate of a statement of facts if in narrative form. Of course, this question turns on the authority of the agency or department to purchase the copy and not on the authority of the reporter to make or sell the copy. If the purchaser has monies available for such purpose, it is a matter entirely within the discretion of that agency or department as to whether the copy is necessary to carry out their duties.

The Comptroller does not have the authority to determine the wisdom or necessity of such purchase except when he is making the purchase. Therefore, you are advised that whenever an agency of the State orders a carbon copy of a transcript and has approved the voucher, it is the ministerial duty of the Comptroller to issue the warrant.

### SUMMARY

Article 2324, Vernon's Civil Statutes, authorizes a charge of not more than thirty cents per one hundred words in the original of a statement of facts prepared in other than narrative form and the sum of twenty cents per one hundred words if in narrative form; the reporter need not certify to a word count.

There is no authority for a court reporter to charge the State for binding, indexing, postage, etc., in connection with preparation of a statement of facts.

The State may purchase carbon copies of statements of fact if the particular agency purchasing has the authority and the money available for such purchase.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Tom I. McFarling
Assistant

TIM:mg:mfg:me

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

John Reeves
L. P. Lollar
Riley Eugene Fletcher
Ralph Rash

REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. Geppert