

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 30, 1959

Honorable Joe Resweber
County Attorney
Harris County
Houston, Texas

Opinion No. WW-650

Re: Authority of county
tax collector as to
issuance of poll tax
receipts and exemp-
tion certificates in
affidavit form.

Dear Mr. Resweber:

Your letter requesting an opinion of this office reads
as follows:

"On this date, May 6, 1959, at the request of
Mr. Carl S. Smith, Tax Assessor and Collector of
Harris County, we rendered our Opinion No. R-59-1169
to the following questions:

(1) Is it possible for the Tax Assessor and
Collector of Harris County, Texas, to put the poll
tax receipt and the poll tax exemption certificate
in affidavit form?

(2) May the Tax Assessor and Collector of
Harris County, Texas, require any other information
he feels is necessary to protect himself and his
office and comply with the laws of the State of
Texas?

"Because of the vague provisions of some sec-
tions of the Texas Election Code, as well as some
apparent conflicts in its provisions and the absence
of interpretation by the Courts of many sections of
the Code, we feel that an opinion of the Office of
the Attorney General should be obtained and there-
fore request the opinion of your office on these ques-
tions. We enclose herewith a copy of our Opinion No.
R-59-1169 which contains a discussion of the various
Code provisions and other matters considered in

arriving at our conclusions for whatever value it may be to your office."

Your Opinion No. R-59-1169 sets out the applicable statutes and traces their history insofar as pertinent to the questions under consideration. These statutes are Sections 43, 46, 48, 49, and 53 of the Texas Election Code. For convenience, we shall refer to these sections by their unofficial designation in Vernon's Texas Election Code, as follows: Article 5.11 (Section 43), Article 5.14 (Section 46), Article 5.16 (Section 48), Article 5.17 (Section 49), and Article 5.21 (Section 53). You interpret these statutes as follows:

(1)  A person paying his poll tax in person is required to make an oral sworn statement to the tax collector or his deputy of the information necessary to fill out the blanks in the receipt form.

(2)  A person paying his poll tax through an agent or through the United States mail is required to furnish a written, signed statement containing the necessary information, but the information does not have to be sworn to.

(3)  A person applying for an exemption certificate is required to swear to the information necessary to fill out the certificate form.

(4)  The tax collector may require a person applying for a poll tax receipt or an exemption certificate to make an affidavit of the necessary information if the tax collector has reason to believe that the applicant has falsely stated the information or if the tax collector does not personally know the applicant as being a resident of the precinct which the applicant claims as his residence.

We agree with the foregoing conclusions, but we are unable to agree with the ultimate conclusion reached in your opinion that the tax collector may alter the statutory form of the receipt or certificate so as to incorporate into the receipt or certificate the affidavit which he may require under Article 5.21. This conclusion is stated in your opinion as follows:

"There is no general authority under the Texas Election Code of 1951 for the Tax Collector to alter the statutory form of the poll tax receipt or the exemption certificate so as to make it into an affidavit signed by the taxpayer. The Election Code, as amended, apparently contemplates a poll tax receipt executed by the Tax Collector or his deputy certifying that the

information therein was supplied by the taxpayer in a signed written instrument or orally under oath by a taxpayer appearing in person or an exemption certificate executed by the Tax Collector or his deputy certifying that the information therein was supplied under oath by the person claiming the exemption appearing in person. However, Sec. 53 of the Texas Election Code (V.A.T.S. Election Code, Art. 5.21) authorizes the Tax Collector to require the taxpayer to submit proof of the statements necessary to complete the form for the poll tax receipt or the exemption certificate if the Tax Collector has reason to believe that the information has been falsely stated by the taxpayer; and this section of the Code also directs the Tax Collector, if he does not personally know one who applies to pay his poll tax or secure his certificate of exemption from its payment as being a resident in the precinct which such person claims as that of his residence, to require proof of such residence or such other facts as may be necessary. Thus it appears although there is no provision for a universal requirement of affidavits or other proof of the truth of statements made by applicants for poll tax receipts or exemption certificates, as a practical matter the Tax Collector could require such affidavits on the basis of his lack of personal knowledge as to an applicant's residence in almost every instance. Whether to require such affidavits appears to be within the discretion of the Tax Collector, therefore, the matter of deciding whether such affidavits, if they are required by the Tax Collector, are to be separate instruments executed by the applicants for receipts or exemption certificates or are to be incorporated into, or attached to, the basic receipt or exemption certificate form, is also a matter within the discretion of the Tax Collector."

In order to set out the matters fully in this opinion, we shall retrace the statutory history of the pertinent sections of the Election Code. Our first inquiry is directed to the authority of the tax collector to require sworn information from the applicant as the basis for issuing a poll tax receipt or exemption certificate.

There are three modes by which a taxpayer may pay his poll tax and obtain a receipt therefor: (1) by paying the tax in person; (2) by paying it through an agent; and (3) by paying it through the United States mail. Election Code, Art. 5.11. Prior to 1957, the pertinent part of this statute had read as follows:

"The poll tax must either be paid in person or by someone duly authorized by the taxpayer in writing to pay the same, and to furnish the Collector the information necessary to fill out the blanks in the poll tax receipt. Such authority and information must be signed by the party who owes the poll tax, and must be deposited with the Tax Collector and filed and preserved by him. A taxpayer may pay his poll tax by a remittance of the amount of the tax through the United States mail to the County Tax Collector, accompanying said remittance with a statement in writing showing all the information necessary to enable the Tax Collector to fill out the blank form of the poll tax receipt, which statement must be signed by the party who owes the poll tax under oath, ***." (Emphasis supplied.)

Article 5.14 of the Election Code had set out the information to be shown on the poll tax receipt, and the form of the receipt as follows:

"Received of _____, * * * in payment of poll tax for the year A.D. 19__, the said taxpayer being duly sworn by me, says that he (she) is * * *."

It may be noted that this receipt form, strictly speaking, was appropriate only where payment was in person--where the tax collector or his deputy had personally sworn the taxpayer.

From these two statutes, it is seen that the law as it existed prior to 1957 had plainly required the taxpayer to submit the information in writing and under oath where payment was through the mail. The clear inference, from the form of the receipt, was that the taxpayer was required to make a verbal declaration of the information under oath where payment was in person. It was also clear that the information submitted through an agent had to be in writing and signed by the taxpayer, but the only language from which it might be inferred that the information had to be sworn to was the recitation in the receipt form, "the said taxpayer being duly sworn by me." On the basis of various changes made in pre-existing statutes when they were incorporated into Article 5.11 of the Election Code, Attorney General's Opinion No. V-1330 (1951) held that the statement need not be under oath where payment was through an agent. Whether that opinion was correct or not has now become a moot question, as this now unquestionably is the law by virtue of an amendment to Article 5.11 in 1957.

In 1957 the Legislature amended Article 5.11 for the declared purpose of removing the oath requirement where the poll

tax is paid by mail, the change being accomplished by deleting the words "under oath." Acts 55th Leg., Reg. Sess., 1957, ch. 448. The purpose of this change is made manifest by the caption and emergency clause of the amendatory act, which read respectively as follows:

> "An Act amending Section 43 of the Texas Election Code (Article 5.11, Vernon's Texas Election Code), so as to remove the requirement that information supplied to the tax collector by a taxpayer applying for his poll tax receipt by mail must be under oath; repealing conflicting laws; and declaring an emergency."

> "Sec. 3. The fact that the law does not require that information necessary for filling out the poll tax receipt which is supplied to the tax collector through an agent be sworn to, and there is no reason for making a distinction between payment through an agent and payment by mail, and the further fact that the present oath requirement causes a considerable amount of difficulty in payment of poll taxes by mail, create an emergency
> * * *."

While Article 5.14, setting out the form of the receipt, was not amended to change the provision reciting that the taxpayer had stated the information on oath, the repeal of conflicting laws in the 1957 amendatory act repealed this provision of Article 5.14 insofar as it conflicted with the legislative intent expressed in Article 5.11. The 1957 amendment was clearly effective to remove the oath requirement on statements submitted by mail. Further, the Legislature enacting the amendment interpreted the statute as not requiring sworn information when submitted through an agent, and the legislative intent in amending and re-enacting Article 5.11 evidently was that it should have this meaning. This intent controls the meaning of the statute from the effective date of the amendment, regardless of what the law may have been before that date.

As to information furnished by the taxpayer when paying the tax in person, it is our opinion that the law was unchanged by the 1957 amendment. In your Opinion No. R-59-1169 you have offered an explanation of the reason for requiring sworn information in that case and not requiring it in the other two. Regardless of whether there is a rational explanation for the difference, this is the state of the law as we find it.

From the foregoing, we conclude that the tax collector has no authority to require a written affidavit in

connection with payment of the tax by either of the three modes unless this authority is found elsewhere in the statutes. Article 5.21 of the Election Code does provide this authority in certain instances, which, as your opinion points out, would as a practical matter embrace almost every instance. Article 5.21 provides:

> "If the county collector has reason to believe that one who applies to pay his poll tax or secure his certificate of exemption from its payment, has falsely stated his age, occupation, precinct of his residence, or length of his residence in the State, county and city, or any other matter touching his qualifications to vote, he shall require proof of such statement; and, if on inquiry, he is satisfied that said person has sworn falsely, he shall make a memorandum of the words used in such statement, and present the same to the foreman of the next grand jury or if the County Collector does not personally know one who applies to pay his poll tax or secure his certificate of exemption from its payment as being a resident in the precinct which such person claims as that of his residence, it shall be the duty of such collector to require proof of such residence or of such other facts as may be necessary."

Parker v. Busby, 170 S.W. 1042 (Tex.Civ.App. 1914), held that similar provisions of a former statute gave the tax collector the authority to require an affidavit of the taxpayer if the collector was in doubt as to the truth of the information furnished. However, the affidavit is by way of satisfying the tax collector of the truth of the statements or by way of furnishing an additional basis for submitting the matter to the grand jury if he is not satisfied as to their truth. He has no discretion to refuse to issue a receipt on the ground that the taxpayer has made false statements. After quoting the statutes authorizing payment of a poll tax through an agent and providing for delivery of the receipt, the court in Parker v. Busby said:

> "From these provisions it will be seen that the taxpayer, when he tenders through his agent duly authorized in writing to the tax collector an amount sufficient to pay the tax, is then entitled to a receipt, and has done all that the law requires of him in order to obtain it. The collector does not seem to have authority to exercise any discretion in the matter, but is bound to receive the amount tendered and issue a receipt therefor, although if he is in doubt as to the right of the

payer to vote in the county it is his duty to make due examination of the payer or his agent in that regard, and to this end has the authority to exact of the payer or his agent an affidavit showing the citizenship, etc., in the county where the tax is paid; this being done, he must issue the receipt for the tax, and report the matter to the grand jury."

It is seen from the foregoing quotation that Article 5.21 does not give the tax collector any discretion in the issuance of the receipt. We are of the opinion that Article 5.21 also does not give him any discretion to vary the form of the receipt so as to embody the affidavit therein. The purpose of the affidavit is not to determine whether the receipt is to be issued, or in what form, but to enable the tax collector to decide whether he should call the matter to the attention of the grand jury. His authority to prescribe the form and contents of the receipt is limited by Article 5.14, and upon compliance with statutory requirements the applicant has the right to demand issuance of a receipt substantially in statutory form. Any additional requirement for embodiment of a signed affidavit in the receipt must come from the Legislature. While issuance of the receipt in affidavit form, accepted by the taxpayer, would probably not invalidate the receipt, the tax collector would be exceeding his authority in adopting that form.

With respect to information appearing on an exemption certificate, Articles 5.16 and 5.17 of the Election Code provide that "such exempt person shall on oath state" the required information. These statutes require that the certificate be in substantially the form prescribed in Article 5.16. The statutory form is not in the form of an affidavit by the applicant, but of a certificate by the tax collector certifying that the applicant, being duly sworn, declared the information to be as stated therein. Article 5.21 gives the tax collector the same authority to require written affidavits in the issuance of exemption certificates as in the issuance of poll tax receipts; but the affidavits are for the same purpose, and the tax collector's lack of authority to vary the certificate form proceeds upon the same reasoning as stated for poll tax receipts.

In your opinion you reached the conclusion that the tax collector could attach the affidavit to the receipt or certificate. We do not think the statute contemplates any use of the affidavit for purposes other than retention in the tax collector's records or submission to a grand jury. If the tax collector did attach the affidavit to the receipt or certificate, he could not thereby make it a necessary part of the instrument, and the holder could remove and discard the affidavit at will without invalidating the receipt or certificate.

Direct answers to the two questions submitted are given in the summary to this opinion.

## SUMMARY

The tax collector has no authority to put the poll tax receipt and the exemption certificate into affidavit form, to be signed by the applicant.

The tax collector may require affidavits from applicants for poll tax receipts and exemption certificates under the circumstances set out in Article 5.21 of the Election Code. When he has done so, and has reported to the grand jury all cases in which he is not satisfied as to the truth of the statements, he has fully protected himself even though receipts and certificates issued by him may contain false information furnished by applicants.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Mary K. Wall*

Mary K. Wall
Assistant

APPROVED:

OPINION COMMITTEE

C. K. Richards, Chairman

Charles D. Cabaniss
Tom I. McFarling
W. Ray Scruggs

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert