

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 2, 1960

Honorable Weldon Cabaniss
County Attorney
Aransas County
Rockport, Texas

Opinion No. WW-832

Re: Whether the Aransas
County Tax Collector
may issue "voting" poll
tax receipts to certain
residents of Aransas
County under the facts
stated.

Dear Mr. Cabaniss:

Your request for an opinion is based on the following fact situation:

The city of Aransas Pass is situated partly in Aransas County and partly in San Patricio County. Each of these counties levies the 25-cent county poll tax. During the poll tax payment period which ended on January 31, 1960, the Tax Collector of San Patricio County had a deputy stationed in Aransas Pass, within the portion lying in San Patricio County, for the purpose of receiving poll tax payments and issuing receipts therefor. Several residents of Aransas Pass, who were subject to payment of the 1959 poll tax and who at all times pertinent to this opinion have lived within the portion of the city lying in Aransas County, paid their poll tax in the sum of $1.75 to this deputy, before February 1, and were issued San Patricio County poll tax receipts. The deputy has made the following statement in connection with the issuance of these receipts:

"I was under the impression that I could issue poll tax receipts to all residents of the City of Aransas Pass otherwise qualified and without regard as to whether residents of Aransas or San Patricio County. I issued to persons who told me they lived in Aransas County, as I thought I was authorized to do so."

The acceptance of payments from residents of Aransas County did not come to the attention of the San Patricio Collector until after February 1. He is ready to deliver over to the Aransas County Collector the money received

from the Aransas County residents, but the Aransas County Collector inquires whether there is any manner by which this can be legally accomplished, and the individuals thereby franchised in Aransas County.

QUESTION: Under these facts, are these individuals entitled to vote in Aransas County in the primary, general and other elections, for the year 1960; and if not, is there any means of transferring the poll fees from San Patricio County to Aransas County to entitle these persons to vote in Aransas County?

Article VI, Section 2 of the Constitution provides:

"* * * any voter who is subject to pay a poll tax under the laws of the State of Texas shall have paid said tax before offering to vote at any election in this State and hold a receipt showing that said poll tax was paid before the first day of February next preceding such election."

The poll tax is payable in the county in which the taxpayer resided on January 1 preceding its levy. Payment of the tax in some other county will suffice for the state tax of $1.50; but the county tax must be paid in the county where it is due, and payment in some other county will not entitle the taxpayer to vote. Savage v. Umphries, 118 S.W. 893, 908 (Tex.Civ.App. 1909); Linger v. Balfour, 149 S.W. 795, 805 (Tex.Civ.App. 1912); McCharen v. Mead, 275 S.W. 117 (Tex.Civ.App. 1925). In order to qualify the taxpayer for voting, the money in payment of the tax and the information necessary for filling out the receipt must have been delivered to the tax collector or an authorized deputy prior to February 1. Davis v. Riley, 154 S.W. 314 (Tex.Civ.App. 1913); Dickison v. Morris, 211 S.W.2d 387 (Tex.Civ.App. 1948, error ref. n.r.e.). The tax collector may issue a "voting" poll tax receipt after January 31 if the taxpayer has done all that is required of him in paying the tax before that date; but the receipt must be stamped "Holder not entitled to vote" if the tax is not paid to him until after January 31. Parker v. Busby, 170 S.W. 1042 (Tex. Civ.App. 1914); Art. 5.12, Election Code.

The Aransas County Tax Collector had not authorized this deputy to act for him, and the deputy was neither a de jure nor a de facto officer for Aransas County. Payment to the San Patricio deputy, though made in the mistaken belief by the taxpayer and by the deputy that the deputy could accept payment for Aransas County residents, did not fulfill the requirement for payment in the county where the tax was due. The fact that all parties acted in good faith, or that the deputy gave erroneous advice to the taxpayers under a misapprehension of the law, does not change the result. Davis v. Riley, supra.

Under the foregoing authorities, we are constrained to hold that these individuals did not make timely payment of the poll tax that was due in Aransas County, and there is no way by which they may lawfully vote on the receipts issued by the San Patricio deputy or by which the Tax Collector of Aransas County may now issue Aransas County receipts entitling them to vote in the 1960 elections.

## SUMMARY

Where residents of a county which levies a county poll tax were subject to payment of the poll tax and paid their poll tax for the year 1959 to the deputy of another county in the mistaken belief that the deputy was authorized to accept the payments, and the money was not delivered to the tax collector of the county of their residence prior to February 1, 1960, there had not been a timely payment of the tax and there is no way by which these persons may lawfully vote in the 1960 elections.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Mary K. Wall
Assistant

MKW:bh

APPROVED:

OPINION COMMITTEE
Morgan Nesbitt, Chairman

Houghton Brownlee, Jr.
J.C. Davis, Jr.
Riley Eugene Fletcher
J. Arthur Sandlin

REVIEWED FOR THE ATTORNEY GENERAL
BY:
   Leonard Passmore